UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------- X

MICHAEL MITCHELL,

Plaintiff,   **COMPLAINT**

-against-

THE CITY OF NEW YORK; SUPERVISOR P.O.
JOHN/JANE DOES # 1-2; P.O. HORACE D.
DICKS; P.O. JOHN/JANE DOES # 1-10;
SUPERVISOR C.O. JOHN/JANE DOES # 1-2; and
C.O. JOHN/JANE DOES # 1-10; the
individual defendant(s) sued individually
and in their official capacities,

Defendants.

-------------------------------------------- X

**FILED**
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★ OCT 13 2011 ★

BROOKLYN OFFICE

11 - 4981

ECF Case

Jury Trial Demanded

GERSHON, J

REYES, M.J

### PRELIMINARY STATEMENT

1.     This is a civil rights action in which plaintiff
seeks relief for the violation of plaintiff's rights secured by
42 U.S.C. § 1983; and the First, Fourth, Fifth, Sixth, and
Eighth, Fourteenth Amendments to the United States Constitution,
and the laws of the State of New York.  Plaintiff's claims arise
from incidents that arose on or about October 10, 2010 through
on or about January 12, 2011; and on or about October 15, 2010
through December 16, 2010.  During the incidents, the City of
New York, and members of the New York City Police Department
("NYPD") and New York City Department of Correction ("NYDOC")
subjected plaintiff to, among other things, excessive force;

assault and battery; false arrest and imprisonment; unlawful

search and seizure; retaliation for free speech; fabricated

evidence; malicious prosecution; denial of medical care; denial

of a fair trial; negligence; gross negligence; intentional and

negligent infliction of emotional distress; negligent hiring,

retention, supervision, training and instruction of incompetent

and unfit employees; and implementation and continuation of an

unlawful municipal policy, practice, and custom.  Plaintiff

seeks compensatory and punitive damages, declaratory relief, an

award of costs and attorney's fees, pursuant 42 U.S.C. §§ 1988,

and such other and further relief as the Court deems just and

proper.

## JURISDICTION & VENUE

2.    This action is brought pursuant to 42 U.S.C. §

1983, and the First, Fourth, Fifth, Sixth, Eighth, and

Fourteenth Amendments to the United States Constitution.

Jurisdiction is conferred upon this Court by the aforesaid

statutes and 28 U.S.C. §§ 1331 and 1343.

3.    Plaintiff invokes the supplemental jurisdiction

of this Court pursuant to 28 U.S.C. § 1367 to hear and decide

claims arising under state law.  Plaintiff's notice of claim was

duly filed on defendant City of New York within 90 days of the

incident at issue, more than 30 days have elapsed since such

filing and the City of New York has refused to settle
plaintiff's claims. Moreover, this action has been filed within
one year and 90 days of the incidents that are the basis of this
claim. Plaintiff has satisfied all conditions precedent for the
filing of this action.

4. Venue is proper here pursuant to 28 U.S.C. § 1391
because some of the acts in question occurred in Kings County,
and the City of New York is subject to personal jurisdiction in
the Eastern District of New York.

## PARTIES

5. Plaintiff Michael Mitchell is a resident of the
State of New York, Kings County.

6. At all times alleged herein, defendant City of
New York was a municipal corporation organized under the laws of
the State of New York, which violated plaintiff's rights as
described herein.

7. At all times alleged herein, defendant Police
Officer Horace D. Dicks was a New York City Police Officer
employed with the 88th Precinct, located in Brooklyn, New York or
other as yet unknown NYPD assignment, who violated plaintiff's
rights as described herein.

8. At all times alleged herein, defendant Supervisor
P.O. John/Jane Doe # 1 was a New York City Police Officer

3

employed with the 88th Precinct, located in Brooklyn, New York or other as yet unknown NYPD assignment, who violated plaintiff's rights as described herein.

9. At all times alleged herein, defendant Supervisor P.O. John/Jane Doe # 2 was a New York City Police Officer employed with Brooklyn Central Booking, located in Brooklyn, New York or other as yet unknown NYPD assignment, who violated plaintiff's rights as described herein.

10. At all times alleged herein, defendants P.O. John/Jane Does # 1-5 were New York City Police Officers employed with the 88th Precinct, located in Brooklyn, New York or other as yet unknown NYPD assignment, who violated plaintiff's rights as described herein.

11. At all times alleged herein, defendants P.O. John/Jane Does # 6-10 were New York City Police Officers employed with the Brooklyn Central Cooking, located in Brooklyn, New York or other as yet unknown NYPD assignment, who violated plaintiff's rights as described herein.

12. At all times alleged herein, defendant Supervisor C.O. John/Jane Doe # 1 was a New York City Correction Officer employed with Brooklyn Central Booking, located in Brooklyn, New York or other as yet unknown NYDOC assignment, who violated plaintiff's rights as described herein.

4

13.    At all times alleged herein, defendant Supervisor C.O. John/Jane Doe # 2 was a New York City Correction Officer employed with the Manhattan Detention Center, located in New York, New York or other as yet unknown NYDOC assignment, who violated plaintiff's rights as described herein.

14.    At all times alleged herein, defendants C.O. John/Jane Does # 1-5 were New York City Correction Officers employed with the Brooklyn Central Booking, located in Brooklyn, New York or other as yet unknown NYDOC assignment, who violated plaintiff's rights as described herein.

15.    At all times alleged herein, defendants C.O. John/Jane Does # 6-10 were New York City Correction Officers employed with the Manhattan Detention Center, located in New York County, New York or other as yet unknown NYDOC assignment, who violated plaintiff's rights as described herein.

16.    The individual defendants are sued in their individual and official capacities.

## STATEMENT OF FACTS

**October 10, 2010 Incident**

17.    On October 10, 2010, at and in the vicinity of Washington and Gates Avenues in Brooklyn, New York, and the 88th Precinct, Brooklyn, New York, several police officers, including upon information and belief, defendants Supervisor P.O.

5

John/Jane Doe # 1, P.O. Dicks, and P.O. John/Jane Does # 1-5, at times acting in concert, and at times acting independently, committed the following illegal acts against the plaintiff.

18.   On October 10, 2010, at approximately 1:00 a.m. to 2:00 a.m., Michael was inside a church located on the corner of Washington and Gates Avenue with his friends talking, when the defendant officers suddenly entered the church.

19.   Once the defendant officers approached Michael, he was not free to disregard their questions, walk away or leave the scene.

20.   The defendant officers kicked Michael, had a police dog bite him, dragged him, picked him up, slammed his head against a wall, and placed excessively tight handcuffs on his wrists.

21.   Michael yelled and asked the defendant officers to stop the dog, but they ignored him.

22.   After Michael was handcuffed, the defendant officers gave the dog a treat.

23.   Michael was physically injured as a result of the excessive use of force, and bleeding from his wounds.

24.   The defendant officers pat-frisked and searched Michael at the scene, but found no controlled substances, weapons, or contraband on his person.

6

25. The individual defendant officers did not have an objective and/or reasonable basis to use any degree of force against the plaintiff, since the plaintiff was unarmed, compliant, and did not resist arrest.

26. These acts of force against the plaintiff were malicious, gratuitous, unnecessary, and without unlawful authority or cause. Those defendants who did not touch them, witnessed these acts, but failed to intervene and protect plaintiff from this conduct.

27. The defendant officers then drove off with the plaintiff and his friends, and took them to the 88th Precinct for arrest processing and denied him timely medical treatment.

28. The plaintiff was eventually removed to Brooklyn Central Booking for arraignment where bail was set and was then transported to the Manhattan Detention Center in New York, New York, where he was incarcerated.

29. In order to cover up their illegal actions, the defendant officers, pursuant to a conspiracy, falsely and maliciously told the Kings County District Attorney's Office that the plaintiff had committed various crimes for which their was no probable cause to arrest plaintiff, including burglary, larceny, and possession of stolen property; and based on these

7

false allegations a criminal prosecution commenced against the
plaintiff.

30.     The defendants made these false allegations,
despite the fact that they had no evidence that plaintiff had
committed these acts.

31.     The charges against plaintiff were dismissed in
their entirety on or about January 12, 2011, terminating in his
favor.

32.     The dog bites plaintiff received required medical
treatment.

**October 15, 2010 Court Appearance**

33.     On October 15, 2010, at Brooklyn Central Booking
several police officers and correction officers, including upon
information and belief, defendants Supervisor P.O. John/Jane Doe
# 2, P.O. John/Jane Does # 6-10, Supervisor C.O. John/Jane Doe #
1, and C.O. John/Jane Does # 1-5, at times acting in concert,
and at times acting independently, committed the following
illegal acts against Michael.

34.     Michael remained incarcerated at the Manhattan
Detention Center from his arraignment to October 15, 2011.

35.     On October 15, 2010, Michael was produced in
Criminal Court (Brooklyn Central Booking), pursuant to CPL
180.80, for grand jury action, and if there was no grand jury

8

action then Michael was to be immediately released from custody on his own recognizance.

36.    On October 15, 2010, there was no grand jury action, and the Judge ordered Michael to be immediately released on his own recognizance.

37.    Defendants Supervisor P.O. John/Jane Doe # 2, P.O. John/Jane Does # 6-10, Supervisor C.O. John/Jane Doe # 1, and C.O. John/Jane Does # 1-5 were responsible for releasing detainees ordered released on their own recognizance.

38.    Defendants Supervisor P.O. John/Jane Doe # 2, P.O. John/Jane Does # 6-10, Supervisor C.O. John/Jane Doe # 1, and C.O. John/Jane Does # 1-5 had a duty to carry out the Judge's order, but they failed to do so.

39.    At the Brooklyn Central Booking, Michael informed Supervisor P.O. John/Jane Doe # 2, P.O. John/Jane Does # 6-10, Supervisor C.O. John/Jane Doe # 1, and C.O. John/Jane Does # 1-5 that they were obligated to release him pursuant to the Court's order, but they ignored him.

40.    The defendants wrongfully, unlawfully and negligently held and imprisoned Michael in their custody without his consent, and returned him to the Manhattan Detention Center where he remained wrongfully incarcerated until his release on December 16, 2010.

9

41.     At the Manhattan Detention Center, Michael also told Supervisor C.O. John/Jane Doe # 2, and C.O. John/Jane Does # 6-10 that they were obligated to release him pursuant to the Court's order, and that this was substantiated in the Court's docket, but they ignored him as well.

42.     Defendants Supervisor C.O. John/Jane Doe # 2, and C.O. John/Jane Does # 6-10 had a duty to carry out the judge's order, but they failed to do so.

**General Allegations**

43.     The individual defendants acted in concert in committing the above-described illegal acts against the plaintiff.

44.     The plaintiff did not resist arrest at any time during the above-described incident.

45.     The plaintiff did not violate any law, regulation, or administrative code; commit any criminal act; or act in a suspicious or unlawful manner prior to or during the above-described incident.

46.     The individual defendants did not observe the plaintiff violate any law, regulation, or administrative code; commit any criminal act; or act in a suspicious or unlawful manner prior to or during the above-described incident.

10

47. The individual defendants acted under pretense and color of state law and their individual and official capacities and within the scope of their employment. Said acts by said defendants were beyond the scope of their jurisdiction, without authority or law, and in abuse of their powers, and said defendants acted willfully, knowingly, and with the specific intent to deprive plaintiff of their rights.

48. As a direct and proximate result of the defendants' actions plaintiff experienced personal and physical injuries, pain and suffering, fear, an invasion of privacy, psychological pain, emotional distress, mental anguish, embarrassment, humiliation, and financial loss.

49. Plaintiff is entitled to receive punitive damages from the individual defendants because the individual defendants' actions were motivated by extreme recklessness and indifference to plaintiff's rights.

## FIRST CLAIM

### (UNLAWFUL SEARCH AND SEIZURE UNDER FEDERAL LAW)

50. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

51. Defendants unlawfully stopped and searched plaintiff without a warrant, or consent.

11

52. Accordingly, defendants are liable to plaintiff for unlawful search and seizure under 42 U.S.C. § 1983; and the Fourth and Fifth Amendments to the United States Constitution.

## SECOND CLAIM

### (UNLAWFUL SEARCH AND SEIZURE UNDER STATE LAW)

53. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

54. Defendants unlawfully stopped and searched plaintiff without a warrant, or consent.

55. Accordingly, defendants are liable to plaintiff for unlawful search and seizure under New York State law.

## THIRD CLAIM

### (FALSE ARREST UNDER FEDERAL LAW)

56. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein

57. Defendants falsely arrested plaintiff without consent, an arrest warrant, a lawful search warrant, probable cause, reasonable suspicion that plaintiff had committed a crime, or in violation of a court order directing the plaintiff's release.

58. Accordingly, defendants are liable to plaintiff for false arrest under 42 U.S.C. § 1983; and the Fourth, Fifth and Eighth Amendments to the United States Constitution.

12

## FOURTH CLAIM

## (FALSE ARREST AND INPRISONMENT UNDER STATE LAW)

59. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

60. Defendants falsely arrested plaintiff without consent, an arrest warrant, a lawful search warrant, probable cause, reasonable suspicion that plaintiff had committed a crime or in violation of a court order directing the plaintiff's release.

61. Accordingly, defendants are liable to plaintiff for false arrest under New York State law.

## FIFTH CLAIM

## (EXCESSIVE FORCE)

62. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

63. The individual defendants' use of force upon plaintiff, as described herein, and the individual defendants' failure to intervene, was objectively unreasonable.

64. Accordingly, defendants are liable to plaintiff for using unreasonable and excessive force, pursuant to 42 U.S.C. § 1983; and the Fourth, Fifth and Eighth Amendments to the United States Constitution.

13

## SIXTH CLAIM

### (ASSAULT)

65.     Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

66.     Among other things as described above, defendants' search and seizure, battery, false arrest, and excessive use of force against plaintiff placed them in fear of imminent harmful and offensive physical contacts.

67.     Accordingly, defendants are liable to plaintiff under New York State law for assault.

## SEVENTH CLAIM

### (BATTERY)

68.     Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

69.     Among other things as described above, defendants' search and seizure, false arrest, and excessive use of force against plaintiff were illegal physical contacts.

70.     Accordingly, defendants are liable to plaintiff under New York State law for battery.

## EIGHTH CLAIM

### (RETALIATION)

71.     Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

14

72.    Plaintiff exercised free speech during the
incidents.

73.    Plaintiff's use of free speech was a motivating
factor in the individual defendants' decision to act improperly
towards him.

74.    Accordingly, the individual defendants are liable
to plaintiff under the First Amendment to the United States
Constitution.

## NINTH CLAIM

### (MALICIOUS PROSECUTION CLAIM UNDER FEDERAL LAW)

75.    Plaintiff repeats and realleges all the foregoing
paragraphs as if the same were fully set forth at length herein.

76.    The individual defendants are liable to plaintiff
for malicious prosecution because, pursuant to a conspiracy and
acting with malice, the defendants initiated malicious
prosecution(s) against plaintiff by knowingly, intentionally,
and maliciously providing false statements to prosecutors and/or
the court(s), which alleged plaintiff had committed various
crimes.

77.    The individual defendants lacked probable cause
to believe the above-stated malicious prosecution(s) could
succeed.

78. The individual defendants acted to cover up their illegal and unconstitutional conduct by initiating the above-stated malicious prosecution(s).

79. The above-stated malicious prosecution(s) caused a sufficient post-arraignment liberty restraint on plaintiff.

## TENTH CLAIM

### (MALICIOUS PROSECUTION CLAIM UNDER STATE LAW)

80. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

81. The individual defendants are liable to plaintiff for malicious prosecution because, pursuant to a conspiracy and acting with malice, the defendants initiated malicious prosecution(s) against plaintiff by knowingly, intentionally, and maliciously providing false statements to prosecutors and/or the court(s), which alleged plaintiff had committed various crimes.

82. The individual defendants lacked probable cause to believe the above-stated malicious prosecution(s) could succeed.

83. The individual defendants acted to cover up their illegal and unconstitutional conduct by initiating the above-stated malicious prosecution(s).

16

## ELEVENTH CLAIM

### (FABRICATED EVIDENCE)

84. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

85. The defendants are liable to plaintiff because they intentionally conspired to fabricate evidence against them, depriving them of liberty without due process of law.

86. In addition, the defendants used and presented the fabricated evidence to prosecute plaintiff.

87. Further, the defendants were on notice that creating fabricated evidence is a clear violation of law because it well established that police officer who knowingly use false evidence to obtain a conviction act unconstitutionally.

88. Furthermore, the defendants violated the law by making false statements of fact in a certification for determination of probable cause and/or a conviction, because they performed a function of a complaining witness.

## TWELFTH CLAIM

### (DENAIL OF A FAIR TRIAL)

89. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

90. The individual defendants are liable to plaintiff because they intentionally created false information likely to

17

influence a fact finder's or jury's decision and forwarded that information to prosecutors, a grand jury, and/or court, and presented that information to a jury, thereby violating plaintiff's constitutional right to a fair trial, and the harm occasioned by such an unconscionable action is redressable in an action for damages under 42 U.S.C. § 1983.

### THIRTEENTH CLAIM

### (NEGLIGENT SUPERVISION, HIRING, MONITORING TRAINING AND RETENTION OF UNFIT EMPLOYEES)

91.    Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

92.    Defendant City of New York is liable to plaintiff because the occurrence and injuries sustained by plaintiff, were caused solely by, and as a result of the malicious, reckless, negligent, and/or intentional conduct of defendant City of New York, and the NYPD and NYDOC, its agents, servants and/or employees, as set forth above, without provocation on the part of plaintiff contributing thereto, including, the negligent and reckless manner in which said defendant hired, trained, supervised, controlled, managed, maintained, inspected and retained its officers.

### FOURTEENTH CLAIM

### (INTENTIONAL AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS)

93.     Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

94.     That by virtue of the occurrence and defendants, individually and/or by their agents, servants and/or employees, negligently and/or intentionally inflicted emotional harm upon plaintiff.

95.     The defendants' actions against plaintiff were extreme and outrageous and caused plaintiff severe emotional distress.

96.     The defendants breached a duty owed to the plaintiff that either unreasonably endangered plaintiff's physical safety, or caused the plaintiff to fear for their own safety, by failing to comply with the Court's order that he be released.

## FIFTHTEENTH CLAIM

### (NEGLIGENCE AND GROSS NEGLIGENCE)

97.     Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

98.     Defendants are liable to plaintiff because defendants owed plaintiff a cognizable duty of care as a matter of law, and breached that duty, including failing to comply with the Court's order that he be released.

19

### SIXTEENTH CLAIM

#### (DENIAL OF MEDICAL CARE)

99.    Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

100.    Defendants are liable to plaintiff because they ignored plaintiff's request for medical treatment for a serious medical need and/or injury, and the harm occasioned by such an act is redressable under the Fourteenth Amendment to the United States Constitution, and 42 U.S.C. § 1983.

### SEVENTEENTH CLAIM

#### (MONELL CLAIM)

101.    Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

102.    Defendant City of New York, through a policy, practice and custom, directly caused the constitutional violations suffered by plaintiff.

103.    Upon information and belief, defendant City of New York, at all relevant times, was aware that the defendants are unfit officers who have previously committed the acts alleged herein, have a propensity for unconstitutional conduct, or have been inadequately trained.

104.    Nevertheless, defendant City of New York exercised deliberate indifference by failing to take remedial

action. The City failed to properly train, retrain, supervise, discipline, and monitor the individual defendants and improperly retained and utilized them. Moreover, upon information and belief, defendant City of New York failed to adequately investigate prior complaints filed against the individual defendants.

105. Further, defendant City of New York was aware prior to the incident that the individual defendants (in continuation of its illegal custom, practice and/or policy), among other things, used excessive force and ignored court orders.

106. In addition, the following are also municipal policies, practices and customs at issue here: (a) arresting innocent individuals, based on a pretext, (b) fabricating evidence against individuals, (c) using excessive force against individuals, and (d) failing to carry out court orders.

## EIGHTEENTH CLAIM

### (RESPONDEAT SUPERIOR)

107. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

108. The individual defendants were acting within the scope of their employment as New York City Police Officers and New York City Correction Officers when they committed the above

21

described acts against the plaintiff, including wrongfully

detaining, falsely arresting and imprisoning, assaulting, and

battering the plaintiff.

109.   The City of New York is therefore vicariously

liable under New York State law for the aforesaid torts.

**WHEREFORE**, plaintiff demands a jury trial and the

following relief jointly and severally against the defendants:

- a.   Compensatory damages in an amount to be
  determined by a jury;

- b.   Punitive damages in an amount to be determined by
  a jury;

- c.   Costs, interest and attorney's fees, pursuant to
  42 U.S.C. § 1988; and

- d.   Such other and further relief as this Court may
  deem just and proper, including injunctive and
  declaratory relief.

DATED:   New York, New York
         October 5, 2011

                    MICHAEL O. HUESTON, ESQ.
                    *Attorney for Plaintiff*
                    350 Fifth Avenue, Suite 4810
                    New York, New York 10118
                    (212) 643-2900
                    mhueston@nyc.rr.com
                    By:

                    MICHAEL O. HUESTON

22

ANDREW S. RENDEIRO, ESQ.
*Attorney for Plaintiff*
Flamhaft Levy Hirsch & Rendeiro LLP
16 Court Street, Suite 3301
Brooklyn, New York 10118
(718) 237-1900
asrendeiro@yahoo.com

23